FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID S., | No. 1:24-CV-03190-JAG |
| Plaintiff, | |
| v. | ORDER AFFIRMING DECISION OF THE ADMINISTRATIVE LAW JUDGE |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 12. Attorney Jeffrey Schwab represents David S. (Plaintiff); Special Assistant United States Attorney Jennifer Forsyth represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 5. After reviewing the administrative record and briefs filed by the parties the Court **AFFIRMS** the Administrative Law Judge's (ALJ) decision.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. *See* 42 U.S.C. § 405(g).

ORDER AFFIRMING ALJ'S DECISION - 1

## I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on May 3, 2022, alleging disability since September 12, 2016, due to severe osteoarthritis, prosthetic hips, heart arrhythmia, and bipolar disorder.  Tr. 17.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an ALJ.  Tr. 17, 90, 118.  A hearing was held on April 4, 2024, at which time Plaintiff amended the alleged disability onset date to September 1, 2019.  Tr. 17.  Vocational expert Mark Mann, and Plaintiff, who was represented by counsel, testified.  Tr. 33-61.  ALJ Malcolm Ross presided.  Tr. 33.  The ALJ denied benefits on May 1, 2024.  Tr. 14-28.  The Appeals Council denied review.  Tr. 1.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 21, 2024.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 1963 and was 52 years old on the alleged onset date.  Tr. 90.  Plaintiff's past jobs include street sweeper and security guard  Tr. 27.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is

ORDER AFFIRMING ALJ'S DECISION - 2

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in

ORDER AFFIRMING ALJ'S DECISION - 3

the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On May 1, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2019. Tr. 19.

At **step two**, the ALJ found Plaintiff had the severe impairments of cervical spine degenerative disk disease and status post-bilateral hip joint replacement. Tr. 20.

At **step three**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 22.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, except Plaintiff cannot:

> frequently climb, stoop, kneel, crouch, and crawl; frequently reach bilaterally; frequently handle and finger bilaterally; and frequent exposure to extreme cold and vibrations.

Tr 23.

At **step four**, the ALJ found that Plaintiff could perform past relevant work as a street sweeper and a security guard. Tr. 27.

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was also capable of performing jobs that existed in significant numbers in the national economy, including the jobs of floor waxer, hand launderer, and industrial cleaner. Tr. 28

ORDER AFFIRMING ALJ'S DECISION - 4

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 28.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) Improperly finding Plaintiff's shoulder impairment was not severe; (2) Improperly rejecting medical opinions of Ms. Dahl and Ms. Newman; (3) Improperly rejecting Plaintiff's testimony; and (4) Failing to conduct Step Four Assessment properly.

## VII.    DISCUSSION

### A.    Step Two- Shoulder Impairment.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments.  20 C.F.R. §§ 404.1520(a)(ii), 416.920(a)(ii).  The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. §§ 404.1521, 416.921.  The claimant bears the burden of demonstrating that an impairment is medically determinable and severe.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities."  20 C.F.R. § 404.1522(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1522(b).  "An impairment or combination of impairments can be found not severe only if the

ORDER AFFIRMING ALJ'S DECISION - 5

evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

At Step Two the ALJ found that the bilateral shoulder pain was not severe because the symptoms were mild, transient, or otherwise caused no more than minimal functional impairment.  Tr.  20.  Plaintiff argues that while the shoulder symptoms fluctuated with time, the medical evidence supports a finding of a more than minimal impairment caused by shoulder pain.  ECF No. 10.  Any error arising from failure to include an impairment at Step Two is harmless when the ALJ includes limitations that address the impairment, as the ALJ did in this case.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir 2007).

**B.    Medical Opinions.**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b), 20 C.F.R. § 404.1520c(c).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(c).  The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

ORDER AFFIRMING ALJ'S DECISION - 6

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). In *Woods*, the court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

Here, the ALJ considered opinions from consultative examiner Marquetta Washington, ARNP, state agency consultant Dr. Magdaleno, MD, state agency consultant Dr. Gerrish, MD, treating provider Carissa Dahl, ARNP, and Chelsea Newman, PA-C, finding the first three persuasive and the latter two unpersuasive.

ORDER AFFIRMING ALJ'S DECISION - 7

The ALJ addressed the supportability and consistency of the opinions of each of the providers.  Plaintiff complains that the ALJ's reasoning was based on inaccurate analysis of the evidence and unsupported by Plaintiff's treatment record.

### 1.    *Carissa. Dahl, ARNP:*

The ALJ's conclusions were supported by the ALJ's review of the record and consistent with Plaintiff's treatment history.  The ALJ found Carissa Dahl's opinion that Plaintiff be limited to sedentary work unpersuasive because, according to the ALJ, Ms. Dahl relied on little more than range of motion deficits and lack of support in the treatment record.  The ALJ supported the finding based on lack of left shoulder problems, only episodic right shoulder pain, and little to no mention of pain or complaints regarding the hips or cervical spine.  Tr. 26.  Consequently, the ALJ permissibly concluded that the treatment record was inconsistent with the opinion that Plaintiff be limited to sedentary work.  Tr. 26.

### 2.    *Chelsea Newman, PAC:*

On December 15, 2017, Chelsea Newman opined that Plaintiff's was limited to sedentary work due to bilateral hip osteoarthritis, due to mild interference with standing and heavy lifting as well as moderate interference with stooping and crouching.  Tr. 329.  The ALJ found Chelsea Newman's opinion unpersuasive because the opinion "was issued nearly two years prior to the period at issue, which began on the alleged onset date of disability of September 1, 2019."  Tr. 26. Plaintiff argues that the limitations Ms. Newman opined continue indefinitely and therefore the ALJ erred in "disregarding" Ms. Newman's opinion.  ECF No. 10 at 17.  However, the ALJ did not disregard Ms. Newman's opinion, rather the ALJ considered the opinion, but found that Ms. Newman's opinion conflicted with opinions issued during the  period consistent with Plaintiff's alleged period of disability.  The ALJ found that the contemporaneously issued opinions were more persuasive than one issued two years prior to the alleged onset date.  Tr. 26.

ORDER AFFIRMING ALJ'S DECISION - 8

Additionally, the ALJ noted that Ms. Newman's opinion conflicted with the medical record which reflected conservative treatment for hip pain and little mention of pain or clinical findings.  Tr. 26.  Such an analysis is not in error and is supported by the treatment record.

## C.    **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints.  ECF No. 10 at 17-21.  It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834.  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ supported his rejection of the intensity, persistence and limiting effects of claimant's symptoms with specific references to the record.  At the 2024 hearing, Plaintiff complained of stiffness and described his symptoms: "It wasn't so bad five years ago, but the arthritis and other things that are happening to me it takes me a few hours just to get moving in the morning…I can't lift like I used to, I can't walk like I used to."  Tr. 44.  In assessing Plaintiff's testimony, the ALJ noted that following a recovery period from the injuries and hip replacement routine treatment notes "reflect little evidence of specific complaints, treatment, or

ORDER AFFIRMING ALJ'S DECISION - 9

findings regarding neck or hip pain." Tr. 24. Regarding the shoulder pain, the ALJ found that the record showed scant evidence of complaints of shoulder pain or treatment for either shoulder. Tr. 25.

The ALJ cited to a consultative exam performed in 2023 wherein Plaintiff demonstrated normal range of motion, normal strength, and normal muscle bulk and tone. Tr. 25. Providers recommended conservative treatment and Plaintiff required no prescriptions for pain. Tr. 25. Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)(finding the ALJ's decision to reject the claimant's testimony was supported by the fact that claimant was not taking pain medication). Further, the ALJ noted that Plaintiff's self-reported activities, such as bike riding and walking for transport contradicted the limitations asserted. Tr. 25.

**D.     Step Four Assessment.**

A claimant has the burden of showing that she can no longer perform her past relevant work. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(f). Although the claimant has the burden of proof at step four, an ALJ must still make "the requisite factual findings" to support his conclusions. *Pinto*, 249 F.3d at 844. An ALJ's determination at step four "must be developed and explained fully" and contain the following specific findings of fact: (1) the claimant's residual functional capacity; (2) the physical and mental demands of the past relevant job/occupation; and (3) that the claimant's residual functional capacity would permit a return to her past job or occupation. *See* S.S.R. 82-62.

Plaintiff argues that (1) the RFC improperly excluded limitations set forth by Ms. Dahl and Ms. Newman; (2) the ALJ failed to make findings regarding the specific demands of Plaintiff's past relevant work; and (3) the ALJ failed to compare the specific demands to Plaintiff's past work with his specific functional

ORDER AFFIRMING ALJ'S DECISION - 10

limitations.  As discussed above, the Court finds that the limitations found by the ALJ were supported by the record.  Regarding the second and third assignments of error, although the ALJ did not go into extensive detail regarding the basis for the findings, the ALJ solicited testimony from Plaintiff regarding how he performed his past relevant work and made an RFC finding that was supported by the record.  Consequently, the finding that Plaintiff could perform past relevant work as was actually and generally performed was supported by the record.  Tr. 27.  In the alternative, the ALJ properly relied upon vocational expert testimony in finding that Plaintiff could perform as a floor waxer, hand launderer, or industrial cleaner, in light of his residual functional capacity.  Tr. 28

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.  Accordingly, **IT IS ORDERED**:

1.     Defendant's request to affirm the ALJ's decision, **ECF No. 12**, is **GRANTED**.

2.     Plaintiff's Motion for Summary Judgment/ request for remand, **ECF No. 10,** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 23, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 11